IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | Civ. No. 06-00461 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| OFFICER ROCKWELL SILVA, et al., | ) | MOTION FOR ENTRY OF |
| | ) | DEFAULT JUDGMENT AND |
| | ) | MOTION FOR REMAND |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR ENTRY OF DEFAULT JUDGMENT AND MOTION FOR REMAND**

Plaintiff Chris Grindling, a Hawai'i inmate proceeding *pro se*, has filed a document titled "Motion for Default/Objection to Removal," in this prisoner civil rights action. It appears to this Court that Grindling asserts a motion for entry of default judgment, and also, a motion for remand.

Grindling asserts that Defendants were served with his state court Complaint on July 23, 2006. Twenty-four days later, on August 16, 2006, Defendant Silva filed an Answer to Grindling's Complaint. On August 25, 2006, Defendant Silva removed the action from the Circuit Court of the Second Circuit, State of Hawaii

("circuit court") to this Court. Grindling now seeks entry of default and judgment or remand to state court, for Defendant's failure to answer within twenty days of service of the Complaint.

Entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). Where a defendant has entered a response indicating his intent to defend the action, entry of default is improper. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) ("[T]he issue is whether [defendant] appeared. If it did, a default entered by the clerk is void ab initio."). Here, Defendant Silva filed his Answer before the court received Grindling's Motion for Default/Objection to Removal, seeking entry of default or remand to state court. The Clerk of Court cannot, therefore, enter default in this action. As default has not been entered, entry of default judgment would be inappropriate. The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court.

Moreover, in the federal courts, default judgments are generally disfavored. *See Eitel v. McCool*, 782 1470, 1472 (9th Cir. 1986); *see also Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (upholding denial of motion for entry of

default judgment where answer was untimely).  Courts consider several factors in exercising discretion as to the entry of a default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471-72; *see also Al-Torki v. Kaempin*, 78 F.3d 1381, 1384 (9th Cir. 1996); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989).

Grindling fails to demonstrate any prejudice from Defendant Silva's minor delay in responding to his Complaint, or any other basis for this Court to enter default judgment.  *See Eitel*, 782 F.2d at 1471.  Because entry of default is improper in this case, and because the interests of justice here do not provide for entry of default judgment, this Court FINDS AND RECOMMENDS that Grindling's Motion for Default should be DENIED.

In addition, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending."  The district courts of the United States have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In the matter at bar, Grindling alleges violations of his Constitutional rights.  This Court has original jurisdiction of all civil actions arising under the Constitution.  Moreover, this Court is the District Court for the district embracing the County of Maui, State of Hawaii, in which the state court action was pending.  Because this Court has original jurisdiction of civil actions arising under the Constitution and is the District Court for the district embracing the County of Maui, removal to this Court was proper and this Court FINDS AND RECOMMENDS that Grindling's Motion for Remand should be DENIED.

## CONCLUSION

For the reasons set forth above, this Court FINDS AND RECOMMENDS that Grindling's Motion for Default and Motion for Remand should be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 14, 2006

GRINDLING v SILVA; Civ.No. 06-00461 DAE-BMK; F & R DENYING MOTION FOR ENTRY OF DEFAULT OR REMAND TO STATE COURT; heather\F & R 06\ Grindling 06-461 (dny dflt dny mtn remand)