IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | CV. NO. 06-00461 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROCKWELL SILVA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT ROCKWELL SILVA'S AMENDED MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Rockwell Silva's Amended Motion for Summary Judgment and the supporting and opposing memoranda, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion.

## BACKGROUND

On July 12, 2005, Plaintiff filed a Complaint, alleging constitutional violations under 42 U.S.C. § 1983, including a deprivation of due process under the Fourteenth Amendment, unlawful search and seizure under the Fourth Amendment, and a taking of his private property without just compensation under

the Fifth Amendment.  Plaintiff also alleged negligent and intentional infliction of emotional distress, negligence, and respondeat superior, and he made a jury demand.

Defendant Rockwell Silva has been a police officer with the Maui Police Department since December 1992.  (Silva's Declaration ¶ 2.)  According to Defendant, the morning of July 6, 2004, he saw two people parked in a vehicle at Maui Memorial Park.  (Id. ¶ 3.)  After approaching the vehicle, he recognized an occupant of the vehicle named Tasvir Singh, who, at the time, was wanted on 17 counts of Violating an Order for Protection.  (Id.)  He also had an outstanding bench warrant for his arrest.  (Id.)  As such, Defendant requested backup, and, once backup arrived, Mr. Singh was removed from the vehicle and arrested.  (Id. ¶¶ 3, 4.)  Plaintiff also was removed, and, upon removal, Plaintiff allegedly "stated that he had marijuana in his possession and that it was just a petty misdemeanor offense."  (Id. ¶ 5.)  Plaintiff was placed under arrest for Promoting a Detrimental Drug in the Third Degree.  (Id. ¶ 6.)   He also was arrested on an outstanding bench warrant, but the time at which he was arrested on that warrant is unclear.  (Silva's Decl. ¶ 7; Plaintiff's Opp'n. at 1.)

On April 16, 2007, Defendant filed the instant Motion.  Plaintiff filed an Opposition on May 11, 2007, outside of the 11-day time frame required by

2

Local Rule 7.4.  Because Plaintiff is proceeding pro se, the Court shall not strike his Opposition despite the untimely filing.  Defendant did not file a Reply.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. California Dept. of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually, but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of

material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and  may not rely on the mere allegations in the pleadings.  Porter, 419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge

must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Defendant argues that he had probable cause to arrest Plaintiff, thus any constitutional violations must be dismissed. Furthermore, Defendant asserts that Plaintiff has failed to allege any facts to support his claims of negligent or intentional infliction of emotional distress and negligence, and that he cannot maintain a claim against the County of Maui. Defendant does not touch on Plaintiff's due process arguments, whatever they may be, or his takings allegation. Plaintiff responds that "only a total idiot would tell a cop I got drugs on me arrest me of course this is a lie . . . ." His opposition primarily focuses on the Defendant's "lies," and Defendant's lack of probable cause or reasonable suspicion

to detain him and to seize his property, presumably referring to the drugs, and his vehicle.

      A.  Constitutional violations

After approaching the parked vehicle in which Defendant and Mr. Singh were sleeping, Defendant recognized Mr. Singh, who had an outstanding bench warrant and was wanted on 17 counts of Violating an Order for Protection. That provided Defendant with probable cause to arrest Mr. Singh. Mr. Singh is not, however, the alleged victim here. That role belongs to the other occupant, Plaintiff. At some point, Plaintiff was removed from the vehicle. Courts have held, in analogous cases involving lawfully detained motor vehicles, that the incremental or de minimus intrusion that may result from ordering an occupant out of a car does not outweigh the public interest in promoting officer safety. See Pennsylvania v. Mimms, 434 U.S. 106, 109-11 (1977); Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1326-27 (9th Cir. 1995). In Ruvalcaba, the Ninth Circuit found that "[h]aving all occupants step out of the vehicle protects the safety of the officer while the officer is dealing with the driver regarding the traffic violation." 64 F.3d at 1327. It, therefore, held that "the governmental interest weighs strongly in favor of permitting a police officer to order all occupants out of a vehicle." Id. Although the instant case does not involve a traffic violation, Defendant's

knowledge of the criminal status of one of the sleeping occupants provided sufficient justification for removing Plaintiff from the vehicle to protect Defendant's safety.

Immediately after removing Plaintiff, Defendant apparently claimed that he had marijuana in his possession, which was "just a petty misdemeanor offense." (Silva's Decl. ¶ 5.) Plaintiff argues that "only a total idiot would tell a cop I got drugs on me . . . ." (Opp'n at 1.) If Plaintiff, in fact, made that statement when he was removed from the vehicle, then that statement would have given Defendant the requisite probable cause to arrest and to search Plaintiff. "Officers have probable cause for an arrest if at the time of the arrest, 'the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing' that the defendant committed an offense." United States v. Henderson, 241 F.3d 638, 648 (9th Cir. 2000) (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991)). "Officers have probable cause for a search when 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" Id. (citing Ornelas v. United States, 517 U.S. 690, 696 (1996)). "'[A]lmost without exception in evaluating alleged violations of the Fourth Amendment the Court has first undertaken an objective assessment of

7

an officer's actions in light of the facts and circumstances then known to him.'" Moreno v. Baca, 431 F.3d 633, 639 (9th Cir. 2005) (citing Scott v. United States, 436 U.S. 128, 137 (1978)).  If, on the other hand, Plaintiff did not make that statement, as he claims, then probable cause might be lacking.  Whether or not Plaintiff, in fact, made that statement creates a genuine issue of material fact that the Court cannot determine at this stage.

Defendant states in his declaration that Plaintiff also was arrested on an outstanding bench warrant, but, according to Plaintiff, that bench warrant did not come to light for another six hours.  The existence of a bench warrant of which officers are not aware at the time of an arrest will not retroactively justify the arrest.  See Moreno v. Baca, 431 F.3d 633, 638-41 (9th Cir. 2005).  Thus, the bench warrant would "save" the arrest only if Defendant was aware of it at the time of the arrest.  Defendant's knowledge of the bench warrant is unclear at this time.  Accordingly, because genuine issues of material fact exist concerning Plaintiff's statement to Defendant around the time of the arrest and Defendant's knowledge of the outstanding bench warrant, the Court DENIES summary judgment as to Defendant on Plaintiff's unlawful search and seizure allegation.

As for Plaintiff's remaining constitutional allegations, Plaintiff does not specify whether his due process challenges are substantive or procedural, and

8

he alleges no facts in his Complaint (and makes no argument in his Opposition) that would assist the Court in making that determination. Furthermore, Plaintiff alleges no facts that would support his takings claim. The Court, therefore, GRANTS summary judgment in favor of Defendant on Plaintiff's remaining constitutional claims, as the Court interprets them, because Plaintiff alleges no facts to support them.

### B. Negligent or Intentional Infliction of Emotional Distress and Negligence

Under Hawaii law, a plaintiff must prove the following elements to form an intentional infliction of emotional distress claim: (1) the conduct causing the harm was intentional or reckless, (2) it was outrageous, and it (3) caused, (4) extreme emotion distress. See Brooks v. Dana Nance & Co., 153 P.3d 1091, 1101 (Haw. 2007). To prove negligent infliction of emotional distress, a plaintiff must prove: (1) the defendant engaged in negligent conduct (2) that resulted in serious emotional distress, (3) was the cause of the distress, and (4) resulted in some underlying physical injury to the plaintiff or his or her property. See Calleon v. Miyagi, 876 P.2d 1278, 1288-89 (Haw. 1984). To prove negligence, the plaintiff must establish: (1) a duty to conform to a certain standard of conduct; (2) a breach of that duty; (3) a reasonably close causal connection between the conduct and the

resulting injury; and (4) actual loss or damage.  See Bhakta v. County of Maui, 124 P.3d 943, 956 (Haw. 2005).

Plaintiff has failed to allege any facts that would establish intentional, reckless, or negligent conduct that was outrageous, in any way, and that led to "extreme" emotional distress or any emotional distress, for that matter.  Nor did Plaintiff allege any facts that would establish a breach of a duty of care that resulted in injury or actual loss or damage.  Plaintiff merely makes blanket allegations that Defendant's actions resulted in injury, humiliation, and degradation without providing any facts that would support those allegations.  Nor did Plaintiff allege any facts that would suggest that Defendant acted intentionally, recklessly, negligently, or outside of his standard of care.  Accordingly, the Court GRANTS summary judgment for Defendant on Plaintiff's claims of intentional or negligent infliction of emotional distress and negligence.

C. County of Maui

Defendant brought the instant Motion on his behalf only, noting that he "hereby moves this Court for an order granting summary judgment in favor of Rockwell Silva." (Motion at 1, 6.)  Still, he makes arguments in favor of granting summary judgment for the County of Maui.  He argues that the County of Maui did not receive service of process of the Complaint; thus, for that reason, among

others, he claims that the Court should grant summary judgment in favor of the County of Maui on Plaintiff's "respondeat superior" claim. (Motion at 4.) Defendant presented the Court with no evidence in the form of a declaration or otherwise that would support his position that the County of Maui was not served process.

The Court is unclear as to why the County of Maui did not file a motion on its behalf, arguing insufficiency of service of process pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(4). Fed. R. Civ. P. 12(b)(4) provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." See also Green v. North Seattle Community College, No. C05-129Z, 2006 WL 1236826, at *9 n.5 (W.D. Wash. May 3, 2006) (declining to address the defendant's service of process argument that, presumably, was raised in the same motion for summary judgment because the court granted the defendant's motion). The fact that the Department of the Corporation Counsel, Deputy Corporation Counsel, County of Maui is representing Defendant indicates that the County of Maui is aware of this lawsuit. Thus, the County of Maui could have (and should have) filed its own motion, arguing insufficiency of process as well as other defenses. As there is no indication that the County of Maui joined Defendant's

Motion and Defendant's Motion was filed on his behalf only, the instant Motion is not the proper vehicle by which to dismiss Plaintiff's claims against the County of Maui. As such, the Court shall not entertain such arguments on the County of Maui's behalf, which the County of Maui is free to bring on its own. Rather, the Court construes Defendant's Motion as a motion for summary judgment on Defendant's behalf, as Defendant indicates.

## CONCLUSION

For the reasons stated above, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2007.



David Alan Ezra
United States District Judge

Chris Grindling vs. Rockwell Silva, et al., Civil No. 06-00461 DAE-BMK; ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT ROCKWELL SILVA'S AMENDED MOTION FOR SUMMARY JUDGMENT