IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | CV. NO. 06-00461 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDING AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | SANCTIONS BE GRANTED AND |
| OFFICER ROCKWELL SILVA; | ) | PLAINTIFF'S CASE BE |
| JOHN AND JANE DOES 1-10; | ) | DISMISSED |
| DOE PARTNERSHIPS & | ) | |
| CORPORATIONS & | ) | |
| GOVERNMENT ENTITIES 1-5; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>FINDING AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR
SANCTIONS BE GRANTED AND PLAINTIFF'S CASE BE DISMISSED</u>

Plaintiff Chris Grindling ("Grindling") filed this action against

Defendant Rockwell Silva ("Silva") in the Second Circuit Court of the State of

Hawaii.  On August 25, 2006, Silva removed the case to this Court.

On November 22, 2006, the Court issued a Rule 16 Scheduling Order

which ordered that a final pretrial conference take place on June 26, 2007.  Rule

16(d) of the Federal Rules of Civil Procedure requires that "[t]he conference shall

be attended by at least one of the attorneys who will conduct the trial for each of

the parties and by any unrepresented parties."  Fed. R. Civ. P. 16(d).  In addition,

the Rule 16 Scheduling Order required each party to file and serve a final pretrial statement in accordance with Local Rule 16.6 by June 19, 2007.

Grindling failed to appear at his final pretrial conference.  He also failed to submit a final pretrial statement.  As a result, the Court issued an Order to Show Cause, ordering Grindling to appear on July 6, 2007 and show cause "why sanctions, which may include dismissal of this case, should not be imposed for failure to file a final pretrial statement and failure to appear at the conference." (Order to Show Cause, filed June 26, 2007.)

Grindling failed to appear in response to the Order to Show Cause. Additionally, on June 8, 2007, the Court ordered Grindling to attend a deposition and warned him that further failures to comply with discovery requests would result in dismissal of his case.  Grindling attended the deposition on June 25, 2007, but refused to answer questions, behaved in a hostile manner, and walked out of the deposition after less than an hour.  Consequently, Silva has now moved for sanctions against Grindling and requests that Grindling's case be dismissed.

A district court must weigh five factors to determine whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the

disposition of cases on their merits; and (5) the availability of less drastic

sanctions." <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir.

1987).  Balancing the five factors in this case, the Court hereby FINDS dismissal

of the case to be an appropriate sanction.  Grindling has now violated the Rule 16

Scheduling Order, the Order to Show Cause, the Court's June 8 Order requiring

Grindling to comply with discovery requests and depositions, and Federal Rule of

Civil Procedure 16(d).  Grindling has been warned at least twice that failure to

comply with court orders may result in dismissal of his case.

      Consequently, the Court  RECOMMENDS that Defendant's motion

for sanctions be GRANTED and that this case be DISMISSED.

      IT IS SO FOUND AND RECOMMENDED.



    /s/ Barry M. Kurren
    United States Magistrate Judge
     Dated: July 9, 2007

<u>Grindling v. Silva</u>; Civ. No. 06-00461 DAE-BMK; FINDING AND
RECOMMENDATION THAT DEFENDANT'S MOTION FOR SANCTIONS BE
GRANTED AND PLAINTIFF'S CASE BE DISMISSED.